SMATHERS, receiver, v. W. J. SPROUSE et al.

(Filed 22 May, 1907).

**Judgment—Collateral Attack—Presumption.**—Upon motion to revive a dormant judgment, the defendant cannot show *aliunde* that no service of process had been originally made upon him. The presumption that he was properly a party is conclusive until removed by a correction of the record itself in a direct proceeding for that purpose.

MOTION to revive the above-entitled dormant judgment, heard on appeal from the Clerk by *O. H. Allen, J.,* at September Term, 1906, of BUNCOMBE County Superior Court. From the order of his Honor affirming the judgment of the Clerk the defendants appealed.

*Charles N. Malone* for plaintiff.
*Adams & Adams* and *W. P. Brown* for defendants.

BROWN, J.   Upon the hearing before the Clerk, defendants offered to show that they had not been served with sum-

mons in the original action. To this the plaintiff objected and the Clerk sustained the objection, ruling that the judgment could not be attacked in this way in this proceeding, and ordered and adjudged that execution issue. There is no error in such ruling, and his Honor very properly affirmed it, as it is supported by many uniform precedents. A void judgment may be regarded as a nullity and attacked whenever it may come in question, but it must appear affirmatively upon the judgment record that it is void. If the summons and record in this case, upon being produced, disclosed that there had been no service upon the defendants and no appearance by them or by any one in their behalf, then the judgment is void on its face, and the defendant's position would be correct, that it could be attacked and its void character shown in response to the notice to show cause why execution should not issue. *Doyle v. Brown,* 72 N. C., 393.

The original record in this case is not fully set out in the transcript of appeal, but we assume from the briefs that it does not appear affirmatively upon the face of the record that the defendants were not duly served with process. As we understand the matter, the defendants claim the right to show *aliunde,* upon the hearing of the motion, that no service was actually made. This cannot be allowed. Where it appears from the record that a person was a party to an action; when in fact he was not, the legal presumption that he was properly a party is conclusive until removed by a correction of the record itself by a direct proceeding for that purpose. *Summer v. Sessoms,* 94 N. C., 371 (377) ; *Doyle v. Brown,* 72 N. C., 393 ; *Spence v. Credle,* 102 N. C., 75 ; *Card v. Finch,* 142 N. C., 145.

Affirmed.