CLARK, C.J., dissenting, arguendo.
This action is prosecuted by the feme plaintiff for the purpose of quieting and removing a cloud from the title to her separate real estate. The undisputed facts as disclosed by the record are: The feme plaintiff was, on 21 February, 1895, the owner of the real estate described in the complaint, being a lot in the city of Fayetteville. The deed under which she claims recites a consideration of $150. On the said day Poe Co. filed in the office of the clerk of the Superior Court of Cumberland County an itemized account reciting that "Mr. L. A. Rutherford bought of Poe Co." certain brick, the price whereof aggregate $45. He also flied notice of lieu "against the said L. A. Rutherford and Nancy A. Rutherford for material furnished on the dwelling of said L. A. and Nancy A. Rutherford, as per bill of particulars herewith filed and attached." On 21 March, 1895, W. D. Gaster, justice of the peace in Cumberland County, issued a summons directed to the sheriff of Robeson County in behalf of Poe Co. and against "L. A. Rutherford and Nancy A. Rutherford," commanding them to appear at his office in Fayetteville 4 April, 1895. The clerk of the Superior Court of Cumberland County duly certified that Gaster was a justice of the peace in said county. The summons was served on L. A. and Nancy A. Rutherford by the sheriff of Robeson County. On the return day judgment was (255) entered by Gaster, justice of the peace, against defendant for $45, interest, and costs, no appearance having been made. It was also, adjudged that the judgment constituted a lien "on a house and lot and material," etc. A transcript of this judgment was docketed on the judgment docket of the Superior Court of Cumberland County and execution issued thereon, directed to the sheriff of said county, on 1 October, 1895. The sheriff made return on said execution that he had sold the lot at public auction to N.W. Ray for the sum of $75. which he applied to the payment of the execution and cost, and that he paid the balance on another execution against defendants. The sheriff executed a deed to the purchaser. At the time the lien was filed, and at all times since, the feme plaintiff was a married woman. It does not appear from the *Page 189 
record in what county she and her husband resided at the time the summons was issued and served. She has been in the continuous possession of the lot since the sale by the sheriff. Mr. Ray, the purchaser, died, devising the lot to his wife, one of the defendants herein. The feme plaintiff alleges that the judgment of the justice and the sale were void, because she was a married woman. She demands judgment that the deed be declared void, etc. The only issues submitted to the jury were directed to the question of the feme plaintiff's marriage and her ownership of the lot. His Honor directed the jury, if they found the facts to be as testified to by the witnesses, to answer both issues "Yes." Defendants excepted. Judgment on the verdict, and appeal.
The action is brought pursuant to the provisions of chapter 6, Laws 1893; Revisal, 1589. This statute was intended, and properly framed for that purpose, to permit any person to institute an action against any other person claiming an adverse (256) interest in land to have his title quieted and any cloud thereon removed. The purpose of the statute was to avoid the difficulties encountered by plaintiff in Busbee v. Lewis, 85 N.C. 332. The complaint attacks the validity of the judgment because of feme plaintiff's coverture. She encounters the difficulty in this aspect of the case that it does not appear upon the face of the record in the case of Poe v. Rutherford in the justice's court that the feme plaintiff was under coverture, nor is there any plea of coverture. This was necessary to enable the feme plaintiff to attack the judgment collaterally. Neville v. Pope, 95 N.C. 346;Green v. Ballard, 116 N.C. 146. We concur with defendants that in the absence of any indication on the record that Nancy Rutherford was a married woman or of any plea of coverture, the judgment is not void. Certainly it is not so against a stranger who purchases land sold under an execution issued upon it. `The counsel for defendants insist that we are confined to the objection made by plaintiffs, and that, failing to sustain this contention, we should reverse the judgment. The plaintiffs, on the contrary, contend that an inspection of the record in Poe v.Rutherford discloses that the justice never acquired any jurisdiction of the parties. We think it our duty in such a case to examine the entire record, and if any fatal defect going to the jurisdiction is disclosed, to so adjudge it. There are matters pertaining to the mode of procedure, admissibility of testimony, and such like questions raised by rulings of the court which can be presented only by exceptions duly taken during' *Page 190 
the trial. The feme plaintiff insists that the justice never acquired jurisdiction of her person, the summons having been issued to a county other than that in which she lived. It seems that chapter 63, section 50, Bat. Rev., as construed in Sossamer v. Hinson, 72 N.C. 578, authorized a justice of the peace, "when one or more of the defendants (257) resided out of his county," to issue summons to such county, etc. As noticed in Lilly v. Purcell, 78 N.C. 82, the law was changed by the act of 1876-'77, ch. 287, by providing that "No process shall be issued by any justice of the peace to any county other than his own unless one or more bona fide defendants shall reside inside of his county and one or more bona fide defendants shall reside outside his county, in which case only he may issue process to any county in which such nonresident defendant resides." The statute in this form was made section 871, The Code 1883, and so continued without amendment until incorporated into section 1447 of the Revisal of 1905, when the summons was issued and served on the present feme plaintiff in the action of Poe v.Rutherford. Was the judgment, in the absence of any appearance by her, void or only irregular? If the justice acquired jurisdiction of the person, and the only objection to his procedure was that the venue was wrong, we concur with the defendants' counsel that it cannot be attacked in this action. The distinction between process running out of the Superior Courts, having in respect to the counties of the State general jurisdiction, and from a justice's court, with limited jurisdiction, is obvious. In the former an action brought in some other than the proper county may be removed or, upon failure of defendant to ask for an order of removal, tried in the county in which the action was brought. It is a question of venue and not of jurisdiction. Revisal, sec. 425. A justice, having no jurisdiction to issue process running out of his county, is confined to the statutory method of acquiring jurisdiction of the person. The language of the statute expressly restricts his power to acquire jurisdiction by sending process out of his county unless one or morebona fide defendants reside in and one or more reside out of the county. In the record before us it is obvious that no defendant in the case resided in Cumberland County. The justice therefore had no power to issue summons to Robeson County, and therefore acquired no jurisdiction (258) of the persons of the defendants by doing so. It is elementary that a judgment in personam against a person who is sui juris, when no process has been served or service accepted and no voluntary appearance made, and these facts appear on the record, is void and may be attacked collaterally. Doyle v. Brown, 72 N.C. 393; Whitehurst v.Transportation Co., 109 N.C. 342, and many other cases. It is apparent from the record that no such summons as the justice had authority *Page 191 
to issue was served upon defendants; hence no jurisdiction of their persons was acquired and the justice had no power to render the judgment.
It is suggested by the learned counsel for defendants herein that the action to enforce a lien for material furnished for building is a proceeding quasi in rem and that the general statutory provisions regarding jurisdiction of the person do not apply. In Smaw v. Cohen,95 N.C. 85, it is held that the justice has jurisdiction of an action to enforce a lien against the property of a married woman if the sum demanded is less than $200. This decision is based upon the language of the statute. It will be observed that the statute uses the words "according to the jurisdiction thereof." It cannot be that the Legislature intended by this indirect method to extend the jurisdiction of justices of the peace to issue summons, in actions to enforce liens, to any county in the State. We think that sufficient force was given the language of the statute in the enlargement of their jurisdiction by the decision in Smaw v. Cohen, supra. In respect to the statutes limiting their jurisdiction in issuing summons to other counties no change could have been contemplated or made.
The statement of the case in McMinn v. Hamilton, 77 N.C. 301, shows that the justice, the plaintiff, and defendant resided in the same county, and that the summons issued to that county. The defendant appeared and defended the action. He had administered in another county. The decision was clearly correct, and with all possible deference we are unable to see how it in the slightest degree militates (259) against the conclusion reached by us. We do not think that an action to enforce the lien given for "material furnished" is a proceeding quasi in rem. The debt is the personal liability founded upon contract; the action is to recover judgment for the debt. The lien attaches, is filed and enforced as directed by the statute for the security and payment of the judgment obtained on the debt. We are therefore of the opinion that the judgment rendered in the action of Poe v. Rutherford
by the justice was void and that the purchaser at the sale under the execution acquired no title.
We note that the "bill of particulars" filed shows no liability of thefeme defendant, and that the plaintiffs did not prove their claim as required by Rule 8, section 1464, Revisal, which provides "that when a defendant does not appear and answer the plaintiff must still prove his case before he can recover." It may be that the law would presume that this was done or that the failure to do it rendered the judgment erroneous or irregular, but not void. In view of the fact that upon docketing a transcript of the judgment in the Superior Court a lien upon land is acquired and title passed under execution sale, it would seem that for the *Page 192 
protection of purchasers jurisdictional facts should be made to appear upon the transcript. It is uniformly held that if such facts appear on the record of judgments rendered by courts of general jurisdiction the purchaser is not required to look further, but is protected. Here the jurisdictional facts do not appear upon the justice's record. On the contrary, it does appear that the justice had no jurisdiction. Upon an inspection of the entire record we concur with his Honor's ruling. There is
No error.