H. F. McDONALD· and JOHN UNDERWOOD v. JOHN HOFFMAN
and MARY E. HALL et al.

(Filed 19 October, 1910.)

1. Mortgages—Foreclosure—Process—Judgment Conclusive.

A decree of foreclosure of a mortgage reciting that personal
service of summons had been made cannot be collaterally attacked
by the plaintiff mortgagor, upon the ground that the summons
had not been served, the procedure being by motion in the origi-
nal cause; and the title of an innocent purchaser at the sale for
value will not be disturbed.

2. Title Divested—Subsequent Defect.

The title of plaintiff having been divested by a decree of fore-
closure of his mortgage, an objection to a subsequent defect of
examination of a *feme* covert in the chain of title is immaterial.

APPEAL from *W. R. Allen, J.,* a jury being waived, at May
Term, 1910, of CUMBERLAND.

On her application, Mary R. Hall was made a party, and she
claimed the title in fee to the land described.   His Honor made
the following findings of fact:

1. That on the 14th day of February, 1870, Charles J. Wil-
liams and others conveyed the lands described in the complaint
to the defendant, Mary R. Hall, by deed which is registered in
Book "O," No. 3, page 214, of the register's office of Cumber-
land County.

2. That on the 22d day of December, 1887, the said Mary R.
Hall and her husband, Thomas G. Hall, conveyed said lands to
E. J. Lilly, now deceased, by mortgage deed to secure a debt
recited therein, which said mortgage deed is registered in Book
"I," No. 3, page 384, in said office.

3. That thereafter, default being made in the payment of the
debt secured in said mortgage, an action was instituted in the
Superior Court of said county by H. W. Lilly and R. T. Gray,
executors of E. J. Lilly, against the said Thos. G. Hall and wife,
Mary R. Hall, to foreclose said mortgage, and at September
Term, 1899, of said court, a decree was rendered therein con-
demning said land to be sold, appointing J. C. MacRae, Jr.,
commissioner, to make such sale; that said land was sold by said

MacRae under said decree and report thereof was duly made, and at February Term, 1900, of said court, said sale and said report were duly confirmed, and it was ordered that the said MacRae execute a deed, conveying said land to H. W. Lilly and R. T. Gray, executors of E. J. Lilly; they being the purchasers at said sale; that the summons in said action has been lost, but the decree rendered therein at September Term, 1899, adjudged that the said Thomas G. Hall and Mary R. Hall had been served with summons.

4. That pursuant to said final decree, the said J. C. MacRae, Jr., commissioner, on 24 February, 1900, conveyed said lands to said H. W. Lilly and R. T. Gray, executors of E. J. Lilly, by deed which was registered in said county in Book "G," No. 5, page 576.

5. That on 2 January, 1905, said H. W. Lilly and R. T. Gray, executors of E. J. Lilly, conveyed said lands to C. H. McLauchlin, by deed which was registered in said county in Book "Y," No. 5, page 452.

6. That on the said 2d day of January, 1905, the said C. H. McLauchlin and wife conveyed said lands to H. W. Lilly and R. T. Gray, executors of E. J. Lilly, by a deed of mortgage to secure a debt recited therein, which deed is registered in said county in Book "Y," No. 5, page 453.

7. That thereafter, default having been made in the payment of the debt secured in the said mortgage, said lands were sold under the power contained therein, at which sale John Underwood became the purchaser, and pursuant to said power, on the 26th day of August, 1907, said H. W. Lilly and R. T. Gray, executors of E. J. Lilly, conveyed said lands to said Underwood by deed which was registered in Book "M," No. 6, page 414, in said office. This finding is made subject to exceptions of the defendants which will appear in case on appeal.

8. That on the 5th day of September, 1907, said John Underwood and wife conveyed said land to the plaintiff, H. F. McDonald, by deed which is registered in Book "M," No. 6, page 416, in said office.

Upon the facts as found by him, his Honor rendered judgment that the plaintiff McDonald was the owner in fee of the

land and entitled to the possession, subject only to his mortgage to his co-plaintiff, John Underwood. From this judgment, Mary R. Hall appealed. The errors assigned by her are, (1) the reception in evidence of the mortgage deed from Charles McLauchlin and wife to H. W. Lilly and R. T. Gray, executors of E. J. Lilly, given to secure balance of purchase money, upon the ground that the private examination was not taken by a proper officer using a proper seal, (2) to the final decree and records of the action to foreclose the mortgage of Thos. G. Hall and wife (the appellant, Mary R. Hall), covered by findings 3, 4, 5, on the ground that summons was not in fact served, (3) that the sale for foreclosure under the McLauchlin mortgage was prematurely made. Neither Hoffman nor the McLauchlins appealed from the judgment.

*Q. K. Nimocks* and *Cook & Davis* for plaintiffs.
*C. W. Broadfoot, H. S. Averitt* and *Sinclair & Dye* for defendants.

MANNING, J., after stating the case. The exceptions noted to the foreclosure action against Thos. G. Hall and wife, Mary, upon the ground that summons was not in fact served, cannot be sustained in the face of the recital in the judgment or decree in that action that personal service was made. This has been uniformly ruled by this Court, the proper proceeding being a motion in the original action to set aside the judgment, and not by collateral attack. *Bailey v. Hopkins,* 152 N. C., 748; *Yarborough v. Moore,* 151 N. C., 116; *Smathers v. Sprouse,* 144 N. C., 637; *Harrison v. Hargrove,* 120 N. C., 96; *Doyle v. Brown,* 72 N. C., 393. In addition, the rule of law applicable to cases of innocent purchasers for value of property sold under judicial proceedings, is stated with great force and clearness by *Ruffin, J., in Sutton v. Schonwald,* 86 N. C., 198, a case repeatedly cited with approval by this Court: "In such cases the law proceeds upon the ground, as well of public policy as upon principles of equity. Purchasers should be able to rely upon the judgments and decrees of the courts of the country; and, although they may know of their liability to be reversed, yet they

have a right, so long as they stand, to presume that they have been rightly and regularly rendered, and they are not expected to take notice of the errors of the court or the laches of parties. The contrary doctrine would be fatal to judicial sales and values of titles derived under them, as no one would buy at a price at all approximating the true value of property, if he supposed that at some distant day his title might be declared void, because of some irregularity in the proceedings altogether unsuspected by him, and of which he had no opportunity to inform himself." *Millsaps v. Estes,* 137 N. C., 544. The judgment of the court, having competent jurisdiction of the parties and subject-matter of the action, having divested the title of Mrs. Hall, and that having, by mesne conveyances, become vested in plaintiff McDonald, we see no ground upon which Mrs. Hall can sustain her claim of title to the land. Her only claim is that her title was not divested by the action to foreclose her mortgage; in this she is mistaken. As none of the other defendants appealed, we will not consider the other exceptions noted in the record, as they affected the rights of the non-appealing defendants and in no way affected the title asserted by Mrs. Hall. A defective taking of the private examination of Mrs. McLauchlin could not restore a title to Mrs. Hall which had long prior thereto been effectually and completely divested by an unreversed judgment of a court of competent jurisdiction. The judgment is, therefore,

Affirmed.