On 27 February, 1912, the attorney of the plaintiff wrote the following letter to the defendant:
LYNCHBURG NOTION COMPANY, Lynchburg, Va.
GENTLEMEN: — Mr. Thomas Thompson has placed his account against you in my hands for collection. He has shown me all your correspondence and a copy of his, together with a copy of your contract with him. You owe him to date, for salary, $182.50, and $15 expenses to Lynchburg to see you, at your request. Now, unless this is adjusted at once, we shall proceed to take legal steps to have your trunks and their contents converted and the money applied to the payment of this debt. The contract is a fraud on its face, and I feel sure will be so treated by (521) our courts. Let me hear from you at once, else we shall deem that you desire us to take legal steps to protect our rights.
There is no evidence of any reply to this letter, or of any inquiry made by the defendant in regard to it.
On 8 March, 1912, the plaintiff caused the summons in this action and a warrant of attachment to be issued before a justice of the peace, to recover $197.50.
The summons and warrant of attachment were served on the defendant by publication, which was complete on 11 April, 1912, on which last day judgment was rendered in favor of the plaintiff, he having made proof of his claim.
On 27 April, 1912, the defendant caused the following notice to issue and to be served on the plaintiff: "You will take notice that on 7 May, *Page 425 
1912, the defendant will move the court for a rehearing in the above entitled matter, for the reasons set forth in its application, which is hereby attached and made a part of this notice."
The application referred to in the notice was duly verified, and if the facts stated therein are true, they constitute a meritorious defense to the action.
The justice heard the motion on 7 May, 1912, and denied the same, and the defendant appealed. On the hearing of the appeal in the Superior Court, his Honor rendered the following judgment:
"This cause coming on to be heard at this term of the court, upon motion of the defendant for a new hearing, made before C. V. Voils, Esq., which motion was denied by the said justice of the peace, and an appeal by the defendant to the Superior Court, when the same was heard, upon the findings of the following facts: That Thomas Thompson instituted an attachment proceeding against the property of the defendant, the Lynchburg Notion Company, before C. V. Voils, justice of the peace of Iredell County, North Carolina, which summons was dated 8 March, 1912, and the property of the defendant under the warrant of attachment issued on said date was attached, and upon affidavit of the plaintiff, service of summons was made by publication, as required by statute.
"On 11 April, 1912, said cause was heard by the justice, and (522) judgment rendered against the defendant for the sum of $197.50 principal, and the cost of the action.
"On 27 April, 1912, the defendant gave the plaintiff notice that on 7 May, 1912, he would move the court for a rehearing of the cause, and on said date said motion was made, a rehearing was denied the defendant, whereupon it appealed to the Superior Court. The court finds as a fact that the defendant in the cause had no actual notice of the pendency of said attachment proceeding until after rendition of said judgment, and soon after the rendition of the judgment aforesaid, he gave notice above referred to. The defendant also, in its motion, contended that it had a good and meritorious defense to said action, which is fully set forth in his application, and made a part of the findings thereto. That on . . . day of . . ., 1912, a letter was written by plaintiff's attorney to the defendant, a copy of which, marked Exhibit `A,' is hereto attached and made a part of this finding.
"Upon the foregoing findings of facts, it is adjudged that the defendant is entitled to a rehearing, and the cause is remanded to the justice of the peace with direction that the case may be reopened, and the defendant be allowed to answer, and the case heard upon its merits.
"It is further ordered that the execution upon the judgment aforesaid be and the same is stayed until the final determination of said cause."
The plaintiff excepted and appealed. *Page 426 
This action was commenced before a justice of the peace to recover $197.50, and the service of the summons was by publication.
The defendant did not appear on the return day, and judgment was rendered against it, and thereafter, the time not being stated, having received notice of the judgment, it moved before the justice for a rehearing. The motion was denied, and the defendant appealed to (523) the Superior Court. In the Superior Court the motion was allowed, and the plaintiff appealed to this Court. This brief summary of the facts is given for the purpose of showing that the only question before us is the correctness of the ruling upon the motion to rehear.Finlayson v. Accident Co., 109 N.C. 201; Clark v. Manufacturing Co.,110 N.C. 112.
In the Clark case the Court says: "The defendant is a nonresident corporation; it was not served with process, and did not appear and answer at the trial before the justice. It had the right to appeal after notice of the judgment. The Code, 876. It appears, however, that the defendant attempted to appeal, not from the judgment generally, but by a limited notice of appeal in the nature of a special appearance. We know of no authority or reason for such practice. An appeal must be from the judgment rendered. If, after the judgment, the defendant, appearing specially for the purpose of the motion, had moved to set aside the judgment for defective publication, and the motion had been denied, an appeal would have carried up only that ruling. Finlayson v. Accident Association,109 N.C. 196.
The motion of the defendant is made under section 449 of the Revisal, which provides: "The defendant against whom publication is ordered, or who is served under the provisions of the preceding section, or his representatives, on application and sufficient cause shown at any time before judgment, must be allowed to defend the action; and, except in an action for divorce, the defendant against whom publication is ordered, or his representatives, may in like manner, upon good cause shown, be allowed to defend after judgment, or at any time within one year after notice thereof, and within five years after its rendition, on such terms as may be just; and if the defense be successful and the judgment or any part thereof shall have been collected or otherwise enforced, such restitution may thereupon be compelled as the court may direct; but title to property sold under such judgment to a purchaser in good faith shall not be thereby affected."
This section is a part of the Code of Civil Procedure, and refers primarily to actions in the Superior Court, the summons of which (524) "publication is ordered," or which is served as provided in "the *Page 427 
"preceding section" (Revisal, sec. 448), being one which runs in the name of the State, and is signed by the clerk of the Superior Court. Revisal, sec. 430.
We must then turn to the sections of the Revisal regulating procedure before justices of the peace, to see how far the provisions of the Code of Civil Procedure are made applicable to such procedure, and when we do so we find three sections referring to the subject:
Section 1473: "The chapter on civil procedure, respecting forms of actions, parties to actions, the time of commencing actions, and the service of process, shall apply to justices' courts."
Section 1474: "The chapter on civil procedure is applicable to proceedings by attachment before justices of the peace, in all cases founded on contract wherein the sum demanded does not exceed $200, and where the title to real estate is not in controversy."
Section 1475: "The chapter on civil procedure is applicable, except as herein otherwise provided, to proceedings in justices' courts concerning claim and delivery of personal property, and arrest and bail, substituting the words `justice of the peace' for `judge,' `clerk,' or `clerks of the court,' and inserting the words `or constable' after `sheriff' whenever they occur."
The only one of these that can by any possibility include section 449 of the Revisal is the first, and that refers only to "forms of actions," "parties to actions," "times of commencing actions," and "service of process," which falls short of the relief provided in section 449, which relates to judgments after the process has been served.
We conclude, therefore, that the remedy of the defendant must be found elsewhere in the Revisal.
It is true that in Turner v. Machine Co., 133 N.C. 381, an appeal was entertained from a motion to rehear made before a justice, but the right to this remedy was not considered, and it was unnecessary to do so, because it was held that the defendant had lost the right to any relief by his negligence.
It was, however, strongly intimated in that case that a letter (525) not so insistent as the one written by the attorney of the plaintiff in this, was sufficient to put the defendant on notice that an action would be instituted, and to require investigation; but what is there said must be considered in connection with the facts, it appearing that an agent of the defendant knew of the pendency of the action, and that no motion was made until about five months after the rendition of the judgment, and we do not rest our decision on this ground.
When we look to the procedure prescribed, we find first that "a new trial is not allowed in a justice's court in any case whatever, but either party dissatisfied with the judgment in such court may appeal therefrom *Page 428 
to the Superior Court" (Revisal, sec. 1489), "the purpose (of which) seems to have been to prevent parties from using their right to a new trial in an intermediate nisi prius court, as a means of causing useless delay and subjecting the successful party, meantime, to the risk of losing the fruits of his victory" (Ballard v. Gay, 108 N.C. 546), and "to limit the control of justices over their own judgments within a brief period of time." GuanoCo. v. Bridgers, 93 N.C. 441. This section (Revisal, sec. 1489) is very near, if not a positive prohibition upon a motion to rehear when the summons has been served regularly, as in this case, as there is only a difference in name between a motion to rehear and a motion for a new trial.
The statutes, however, provide a remedy. If the judgment is rendered in the absence of the defendant, and the process is defective, or there is the appearance of service when in fact none, the defendant may move before the justice to set the judgment aside (McKee v. Angel, 90 N.C. 62; Whitehurstv. Trans. Co., 109 N.C. 344), or if the process is regular and has been served personally, and the absence of the defendant has been caused by sickness, excusable mistake, or neglect, he may move for a rehearing, as provided in Revisal, sec. 1478, but "if the judgment is rendered upon process not personally served, and the defendant did not appear and answer, he shall have fifteen days, after personal notice of the rendition of the judgment, to serve the notice of appeal." Revisal, sec. 1491.
(526) The last section fits the case of the defendant, and amply preserves and protects his rights, as upon appeal the trial will bede novo, and as he has had no opportunity to plead before the justice, he will be permitted to enter any defenses.
We are, therefore, of opinion that the defendant was not entitled to a rehearing, and that there is error.
Reversed.
Cited: Gobble v. Orrell, 163 N.C. 489; Lowman v. Ballard, 168 N.C. 18;Estes v. Rash, 170 N.C. 342.