Civil action for debt. All the material facts are set out in the judgment of the Superior Court, which follows:
"This cause coming on to be heard, and it appearing to the court that this action was begun on 31 December, 1919, before a justice of the peace of Guilford County, by the plaintiff making affidavit to obtain a warrant of attachment and issuing a summons against the defendant; that said summons was returned `defendant not to be found in my county'; that said warrant of attachment was levied on the household and kitchen furniture of the defendant on 31 December, 1919; that at said time defendant was on a visit to his mother in another county in this State, and had left his property in Greensboro; that the defendant returned to his home in Greensboro on 6 January, 1920, and went to see the plaintiff, told him that he had moved to No. 201 North *Page 272 
Davie Street in Greensboro, and offered to pay plaintiff something on account; that on 12 January, 1920, the plaintiff made an affidavit to obtain an order for service by publication, no further search by an officer having been made; that on 9 February, 1920, judgment was rendered by the said justice of the peace against the defendant, and on 6 March, 1920, the attached property of the defendant was sold under execution; that the proceeds of said sale were applied to the satisfaction of plaintiff's judgment and costs, and the surplus paid into said justice's court; that about 6 April, 1920, the defendant's attorneys served notice upon plaintiff that at a certain time they would enter a special appearance before said justice of the peace and move to vacate and set aside the judgment and warrant of attachment herein; that thereupon the justice of the peace gave judgment vacating and setting aside said warrant of attachment and requiring the plaintiff to pay into the court money that he had received by reason of the judgment originally rendered; and being requested by the plaintiff to make certain findings of fact, the court finds and declares the facts to be as follows:
"1. That the defendant on 31 December, 1919, and at all times thereafter was a citizen and resident of North Carolina, and was in the State of North Carolina on said date and at all times from said 31 December, 1919, until and after 9 March, 1920.
"2. That no process has ever been served upon defendant in this action.
"3. That the defendant did not conceal himself to avoid the service of summons in this action.
"4. That summons was regularly issued and returned by the sheriff, `defendant not to be found in my county.'
"5. That the plaintiff made inquiry for the defendant and was told that he had left the State.
"6. That while defendant saw plaintiff before judgment was rendered and while service was being obtained by publication, plaintiff told defendant that the action was pending, and told him when the sale was to be held.
"7. That defendant was justly indebted to plaintiff in the amount of the judgment, and offers no proof, and does not contend that he (defendant) has any meritorious defense to the judgment.
"8. That defendant knew of the pending action, the attachment of his property, and the proposed sale some time before judgment or the sale of the property.
"9. That the funds (or a part of them) derived from the sale were applied to the judgment before defendant entered the `special appearance.'
"10. That defendant did not appeal from the justice's judgment within fifteen days from notice of its rendition. *Page 273 
"Now, therefore, the judgment of the justice of the peace vacating and setting aside said warrant of attachment and requiring the plaintiff to pay into the court of the said justice of the peace all money that he has received from the proceeds of the sale under execution upon his original judgment herein is hereby affirmed in all respects, except that said judgment shall not prejudice the rights of purchasers for value without notice at said execution sale had upon the original judgment of the justice of the peace.
 "February 5, 1921. T. B. FINLEY, Judge Presiding."
To the foregoing judgment, plaintiff excepted and appealed.
At the request of the plaintiff, and without objection, the court finds as a fact that the defendant was and is a resident of North Carolina; that he did not conceal himself to avoid service of summons, and that no process has ever been served upon him in this cause. Therefore the original judgment entered by the justice of the peace should have been set aside and the warrant of attachment vacated upon proper motion. Lumber Co. v.Buhmann, 160 N.C. 385; Rackley v. Roberts, 147 N.C. 201; Carter v.Rountree, 109 N.C. 29.
The fact that defendant knew this action was pending and that his property had been attached and was advertised for sale was not sufficient to make him a party so as to conclude him by the judgment. McKee v. Angel,90 N.C. 60. It has been held with us that service of process, where not waived, must be made in accordance with the requirements of the statute in order to be binding. Allen v. Strickland, 100 N.C. 225. Nor do we think the defendant is precluded from moving before the justice by his failure to appeal from the judgment within fifteen days after notice of its rendition.Lowman v. Ballard, 168 N.C. 16. This might have been otherwise had the proceedings been regular and proper service obtained. Thompson v. NotionCo., 160 N.C. 519.
The last paragraph of the judgment undertakes to protect the rights of the purchaser at the execution sale. This provision affords no ground to the plaintiff for objection, and the defendant had not appealed. McDonaldv. Hoffman, 153 N.C. 254; Harrison v. Hargrove, 120 N.C. 96.
Upon the record, we think the judgment of the Superior Court should be upheld.
Affirmed. *Page 274