MRS. ETHEL DAVIS POWELL, Widow; GWENDOLYN DAVIS BATES, SANFORD DAVIS, DARRELL DAVIS, GLENN DAVIS, KENNETH DAVIS, and CHARLES DAVIS, v. J. N. TURPIN and Wife, PEARL TURPIN.

(Filed 1 March, 1944.)

**1. Judgments §§ 22b, 29—**

Where a court of competent jurisdiction of the subject matter recites in its judgment or decree that service of process by summons, or in the nature of summons, has been had upon the defendant, who is subject to the jurisdiction of the court, and the judgment is regular on its face, nothing else appearing, such judgment or decree is conclusive until set aside by direct proceedings, or by motion in the cause.

**2. Same—**

The recital in a judgment is conclusive as against collateral attack, when and only when it is consistent with the whole record in the case, as when the record shows service when in fact no service has been had or when summons has been lost. But the recital will not prevail against positive evidence in the record showing affirmatively that there was no legal service, or where other fatal defect appears on the face of the record or is discernible from an inspection of the record.

POWELL *v.* TURPIN.

**3. Judgments § 22h—**

Unless a defendant has been brought into court in some way sanctioned by law, or has made a voluntary appearance in person or by attorney, the court has no jurisdiction of his person and a judgment rendered against him is void and may be treated as a nullity.

**4. Judicial Sales § 7—**

A purchaser at a judicial sale must ascertain that the court had jurisdiction of the subject matter and the person, and that the decree authorized the sale. And when the record itself discloses a want of service of process, he takes with notice that the decree is void and purchases at his peril.

**5. Judgments § 22b: Ejectment § 15—**

Collateral attack upon a void judgment is particularly apposite in ejectment in which a party may show that any instrument, relied upon by his adversary as evidence of title, is void and ineffectual to convey title.

**6. Judgments §§ 22h, 29: Equity § 2—**

No statute of limitations runs against a plaintiff's right of action in ejectment by reason of a void judgment of foreclosure for nonpayment of taxes, and laches, if any appeared, is no defense.

APPEAL by defendants from *Clement, J.,* at October Term, 1943, of JACKSON. No error.

Civil action in ejectment.

S. T. (Tom) Davis died intestate in November, 1917, seized and possessed of the lands in controversy. He left surviving his widow and six children, the plaintiffs herein. After his death the real estate in controversy was listed by county officials in the name of the widow, Mrs. Ethel Davis. There having been default in the payment of the taxes for the years 1927, 1928, and 1929, the land was sold for taxes. It was purchased by and tax sales certificates were issued to Jackson County.

On 29 November, 1929, Jackson County instituted a tax foreclosure action, based on said tax sales certificates, against the widow. The summons in the judgment roll bears the following endorsement by the sheriff: "Due search made and defendant not to be found in Jackson County." A verified complaint was filed, an order of sale entered, and a commissioner to make sale was appointed. The land was sold after advertisement and purchased by Jackson County. The sale was confirmed and deed was executed 14 March, 1933.

The interlocutory order of foreclosure contains the following recitals:

"This cause coming on to be heard . . . and it appearing to the satisfaction of the court that summons herein was duly served as required by law . . . and that notice of action has been duly advertised as required by law; . . ."

After the foreclosure plaintiffs continued in the possession of the land, but the county had some timber cut and removed therefrom, its agent stating at the time that "they were cutting it off for the taxes; that he was cutting this timber to pay up the taxes on the place for it and was going to straighten it up."

On 5 March, 1943, Jackson County executed and delivered to the defendants a quit-claim deed for said premises. The defendants entered into possession of the premises and began to make improvements thereon. This action, instituted 5 June, 1943, followed.

On the trial below appropriate issues were submitted to the jury, and the Court gave peremptory instructions in favor of the plaintiffs. There was verdict for the plaintiffs. From judgment thereon defendants appealed.

*W. R. Sherrill and Stillwell & Stillwell for plaintiffs, appellees.*
*M. V. Higdon and R. L. Phillips for defendants, appellants.*

BARNHILL, J. This appeal presents two questions for decision: (1) Is the decree or judgment of foreclosure void? And (2) if so, is it subject to attack in this action? If the answers are in the affirmative, then the deed from the commissioner appointed to make sale conveys nothing, and the judgment below must stand.

Where a court of competent jurisdiction of the subject matter recites in its judgment or decree that service of process by summons or in the nature of summons has been had upon the defendant who is subject to the jurisdiction of the court, and the judgment is regular on its face, nothing else appearing, such judgment or decree is conclusive until set aside by direct proceedings, *Harrison v. Hargrove,* 120 N. C., 96, 26 S. E., 936, or motion in the cause, *McDonald v. Hoffman,* 153 N. C., 254, 69 S. E., 49; *Pinnell v. Burroughs,* 168 N. C., 315, 84 S. E., 364; *Downing v. White,* 211 N. C., 40, 188 S. E., 815, as the particular facts may require. *Johnson v. Whilden,* 171 N. C., 153, 88 S. E., 223, and cases cited; *McDonald v. Hoffman, supra; Hargrove v. Wilson,* 148 N. C., 439, 62 S. E., 520; *Reynolds v. Cotton Mills,* 177 N. C., 412, 99 S. E., 240; *Harrison v. Hargrove, supra,* and authorities cited; *Isley v. Boon,* 113 N. C., 249, 18 S. E., 174; Anno. 68 A. L. R., 390; 31 Am. Jur., 199.

This rule upon which defendants rely was devised primarily to preserve the integrity of judgments and to safeguard the rights of purchasers in cases where the record is otherwise silent or fails to speak the truth.

The recital is conclusive as against collateral attack when and only when it is consistent with the record in the case, as when the record shows service when in fact no service has been had, *Dunn v. Wilson,*

210 N. C., 493. 187 S. E., 802; *Monroe v. Niven,* 221 N. C., 362, 20 S. E. (2d), 311; *Downing v. White, supra; Stocks v. Stocks,* 179 N. C., 285, 102 S. E., 306; *Estes v. Rash,* 170 N. C., 341, 87 S. E., 109; *Thompson v. Notion Co.,* 160 N. C., 520, 76 S. E., 470; *Harrison v. Hargrove, supra,* or the summons has been lost, *Pinnell v. Burroughs, supra; McDonald v. Hoffman, supra.*

"A contrary doctrine would be fatal to judicial sales and the values of the title derived under them, as no one would buy at prices at or approximating the true value of property if he supposed that his title might at some distant date be declared void because of some irregularity in the proceeding altogether unsuspected by him and of which he had no opportunity to inform himself." *Sutton v. Schonwald,* 86 N. C., 198; *Pinnell v. Burroughs, supra; England v. Garner,* 90 N. C., 197.

But the recital will not prevail against positive evidence contained in the record showing affirmatively that there was no legal service of process. When the fact of nonservice or other fatal defect appears on the face of the record, or is discernible from an inspection of the record, it is not conclusive. *Rutherford v. Ray,* 147 N. C., 253, 61 S. E., 57, and cases cited; *Card v. Finch,* 142 N. C., 140, 54 S. E., 1009; *Johnson v. Whilden,* 171 N. C., 153, 88 S. E., 225, and cases cited; *Clark v. Homes,* 189 N. C., 703, 128 S. E., 20; *Pinnell v. Burroughs, supra; Dunn v. Wilson, supra; Groce v. Groce,* 214 N. C., 398, 199 S. E., 388; *Denton v. Vassiliades,* 212 N. C., 513, 193 S. E., 737.

That is, when the record itself contradicts the recital of due service contained in the judgment the principle of law which gives rise to a presumption of service does not apply. Instead, the jurisdictional finding is controlled by and must yield to the return of service as it appears in the record. 31 Am. Jur., 202, 203; Anno. 68 A. L. R., 395.

"The reason is that the want of service of process and the want of appearance is shown by the record itself whenever it is offered." *Card v. Finch, supra.*

"It is axiomatic, at least in American jurisprudence, that a judgment rendered by a court against a citizen affecting his vested rights in an action or proceeding to which he is not a party is absolutely void and may be treated as a nullity whenever it is brought to the attention of the court." *Card v. Finch, supra; Johnson v. Whilden, supra; Flowers v. King,* 145 N. C., 234, 58 S. E., 1074; *Rackley v. Roberts,* 147 N. C., 201, 60 S. E., 975; *Doyle v. Brown,* 72 N. C., 393; *Carraway v. Lassiter,* 139 N. C., 145, 51 S. E., 968; *Smathers v. Sprouse,* 144 N. C., 637, 57 S. E., 392; *Pinnell v. Burroughs, supra.*

It is likewise elementary that unless one named as a defendant has been brought into court in some way sanctioned by law, or makes a voluntary appearance in person or by attorney, the court has no jurisdic-

tion of the person and judgment rendered against him is void. *Downing v. White,* 211 N. C., 40, 188 S. E., 815, and cases cited; *Casey v. Barker,* 219 N. C., 465, 14 S. E. (2d), 429; *Groce v. Groce, supra; Monroe v. Niven, supra.*

A purchaser at a judicial sale must ascertain that the court had jurisdiction of the subject matter and the person, and that the decree authorized the sale. And when the record itself discloses that the defendant has not been brought into court by the service of process or by appearance in person or by attorney, he takes with notice that the decree of foreclosure is void and he purchases at his peril. *Dickens v. Long,* 112 N. C., 311, 17 S. E., 150; *Card v. Finch, supra; Morris v. Gentry,* 89 N. C., 248; *Graham v. Floyd,* 214 N. C., 77, 197 S. E., 873, and cases cited.

In determining whether a court had jurisdiction the whole record must be inspected, and if the judgment itself recites service but the return found shows no service or a service which is insufficient or unauthorized by law, the judgment must be regarded as void. *Johnson v. Whilden, supra; Monroe v. Niven, supra; Casey v. Barker, supra; Groce v. Groce, supra; Laney v. Garbee,* 105 Mo., 225.

Recital in a judgment of the service of process is deemed to refer to the kind of service shown in other parts of the record. *Card v. Finch, supra;* 31 Am. Jur., 202. It must be read in connection with that part of the record which sets forth the proof of service. The record being complete, the recital can only be considered as referring to the former. *Card v. Finch, supra.* It is presumed in such case that the service found in the record is the same and the only service referred to in the general recital in the judgment, and that the court acted upon the service appearing in the record. 31 Am. Jur., 202.

The rule which permits collateral attack upon a void judgment whenever it is called to the attention of the court in any proceeding in which it is material to the issue presented is particularly apposite in an ejectment suit in which a party may show that any instrument relied on by his adversary as evidence of title is void and ineffectual to convey title. *Mobley v. Griffin,* 104 N. C., 112, 10 S. E., 140; *Ricks v. Brooks,* 179 N. C., 204, 102 S. E., 207; *Toler v. French,* 213 N. C., 360, 196 S. E., 312; *Keen v. Parker,* 217 N. C., 378, 8 S. E. (2d), 209; *Ownbey v. Parkway Properties, Inc.,* 221 N. C., 27, 18 S. E. (2d), 710; *Higgins v. Higgins,* 212 N. C., 219, 193 S. E., 159.

No statute of limitations runs against the plaintiffs' action by reason of the judgment of foreclosure, and laches, if any appeared, is no defense. *Harrison v. Hargrove,* 109 N. C., 346, 13 S. E., 939; *Card v. Finch, supra; Monroe v. Niven, supra.*

The judgment of foreclosure being void for the want of service of summons, the deed executed by the commissioner appointed to make sale conveyed nothing. Hence, the charge of the court below was in accord with the decisions of this Court, and the verdict and judgment must be sustained.

No error.