PATRICIA McLEAN DRUMMOND v. EARL CORDELL, D/B/A CORDELL'S BODY SHOP; AND MELODY M. CORDELL

No. 8430SC598

(Filed 15 January 1985)

**1. Judgments § 16— judgment valid on its face—collateral attack improper**

The trial court erred in directing verdict in favor of plaintiff nullifying a judgment entered pursuant to a small claims action, since the magistrate's judgment recited that due and timely notice of the nature of the action and the time and place of trial were given to defendant; this statement was conclusive and not subject to collateral attack if it was consistent with the record in the case; the return of service on the magistrate's summons no longer existed, having been destroyed pursuant to an order of the Administrative Office of the Courts; the record, or lack thereof, therefore did not affirmatively show lack of legal service; and extrinsic evidence not contained in the record of the small claims action which tended to show lack of service or defective service was not sufficient to rebut the conclusiveness of the face of the judgment.

**2. Rules of Civil Procedure § 15— evidence outside pleadings—defendant's admissions—issues properly before court**

An issue of whether the penalty and attorney fees provisions of G.S. 44A-4(g) were applicable in this case was properly before the trial court, though plaintiff in her complaint did not elect to proceed under G.S. 44A-1 et seq. as a basis for recovery in her action for conversion of her vehicle, since

defendant admitted that G.S. 44A-4(e) and (f) were not substantially complied with in that there was improper notice of the judicial sale.

APPEAL by defendants from *Downs, Judge.* Judgment entered 13 January 1984 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 24 October 1984.

This is a civil action filed by plaintiff, Patricia McLean Drummond, in Superior Court, Haywood County, in which she seeks to set aside a judgment entered pursuant to a small claims action in District Court, Buncombe County. (*Earl Cordell v. Patricia McLean Drummond,* 81CVM2548, entered 24 September 1981.) Plaintiff also seeks damages for conversion of a 1979 Fiat automobile and to enjoin defendants, Earl Cordell, d/b/a Cordell's Body Shop and Melody M. Cordell, from using or disposing of the automobile.

The essential facts are:

Plaintiff purchased a 1979 Fiat automobile, V.I.N. 128AS-10110675, from Swann Motors (Swann) in Candler on 5 July 1979.

Plaintiff experienced mechanical difficulty with the Fiat on several occasions. Swann attempted to remedy the problems, apparently without success.

In February 1980, plaintiff filed suit against Swann for breach of warranty (*Drummond v. Swann Motors,* 80CVS77). That suit was settled in 1982. During the pendency of that action the events occurred which gave rise to this case.

Defendant Earl Cordell owns a body shop and operates a tow truck in conjunction with the body shop business. Evidence at trial tended to show that Earl Cordell did towing for Swann without a written contract.

Swann went out of business. Plaintiff's Fiat, having been left with Swann by plaintiff from October 1979 until November 1980, was damaged by vandals. Swann had Cordell tow the Fiat to Cordell's body shop and store it. Cordell charged Swann $20.00 for the tow, but did not charge Swann for the storage of the Fiat. The Fiat remained at Cordell's Body Shop from November 1980 until July of 1981.

Drummond v. Cordell

In June of 1981, plaintiff received a "Notice of Intent to Sell a Vehicle to Satisfy Storage Liens." On 3 July 1981, plaintiff received from the Division of Motor Vehicles a letter advising her that Earl Cordell had filed the notice and that plaintiff had 10 days within which to file a "Request for Judicial Hearing." Plaintiff's request was sent by certified mail to the Division of Motor Vehicles and delivered on 16 July 1981.

Plaintiff's evidence tended to show that she did not thereafter receive notice of the judicial hearing allowing enforcement of the storage lien, notice of the judgment rendered at that hearing, or notice of the actual public sale of her Fiat pursuant to G.S. 44A-4(e).

In the spring of 1982, plaintiff went to Cordell's Body Shop and discovered that her Fiat had been sold to defendant Melody M. Cordell pursuant to a public sale authorized by the small claims judgment in 81CVM2548. Melody M. Cordell is the daughter of defendant Earl Cordell.

The record of the small claims action introduced in the trial of this action consisted of papers captioned "complaint to enforce possessory lien on motor vehicle," "magistrate's summons" with no sheriff's return and "judgment in action on possessory lien on motor vehicle." The judgment was signed by Magistrate Jack Puckridge and dated 24 September 1981. The judgment is a pre-printed form-judgment with blanks in which information concerning the vehicle at issue and amount of money owing can be inserted. The pre-printed judgment's language states that "Due and timely notice of the nature of the action and the time and place of trial were given the defendant(s) as is shown in the record." The record, however, does not show personal service or constructive service of process upon the plaintiff in the magistrate's court action. However, the record also fails to disclose that service was not obtained.

The Honorable J. Roy Elingburg, Clerk of Superior Court, Buncombe County, testified that he could not locate the file in 81CVM2548. He also testified that pursuant to a directive from the Administrative Office of the Courts, files older than 90 days were microfilmed and then destroyed. He further testified that he was only required to microfilm the magistrate's judgment itself and not the remainder of the documents in the file.

Evidence of defendant Earl Cordell and plaintiff tended to show that service of process, if any, was by publication pursuant to G.S. 1A-1, Rule 4(j1) and G.S. 7A-211.1. However, both defendants admitted in response to plaintiff's request for admissions, that no affidavit stating that Patricia McLean Drummond's whereabouts or address was unknown and could not with due diligence be ascertained was ever submitted to the Clerk of Superior Court, Buncombe County.

At the close of plaintiff's evidence, the trial court allowed plaintiff's motion for directed verdict on the collateral attack of the small claims judgment in 81CVM2548 on the grounds that the record did not, on its face, show service of process upon the plaintiff as required by the Rules of Civil Procedure and G.S. 7A-217. The trial court also granted defendant Melody M. Cordell's motion for directed verdict on the issue of damages.

At the close of all the evidence, defendant Earl Cordell moved for directed verdict and was denied.

The jury rendered its verdict as follows:

(1) Did the Defendant, Earl Cordell, convert the 1979 Fiat automobile from the plaintiff?

ANSWER: "Yes."

(2) What amount of damages, if any, is the Plaintiff entitled to recover from Defendant, Earl Cordell?

ANSWER: "$1,250.00."

(3) What amount of damages, if any, is the defendant, Earl Cordell, entitled to recover from the plaintiff for storage of the 1979 Fiat automobile?

ANSWER: "None."

Defendants made motions for judgment notwithstanding the verdict and for a new trial, which were denied by the trial court.

Defendants appeal and plaintiff cross appeals from the trial court's refusal to award her attorney's fees.

*McLean and Dickson, by Russell L. McLean, III, and Robert L. Ward, for plaintiff-appellee.*

*Roberts, Cogburn, McClure and Williams, by Max O. Cogburn and Issac N. Northup, Jr., for defendant-appellants.*

EAGLES, Judge.

I

[1]   Defendant first assigns as error the trial court's directed verdict in favor of plaintiff nullifying the small claims judgment in 81CVM2548. We agree that there was error.

> Where a court of competent jurisdiction of the subject matter recites in its judgment or decree that service of process by summons or in the nature of summons has been had upon the defendant who is subject to the jurisdiction of the court, and the judgment is regular on its face, nothing else appearing, such judgment or decree is conclusive until set aside by direct proceedings. [Citations omitted.]

*Powell v. Turpin*, 224 N.C. 67, 29 S.E. 2d 26 (1944). Here, the magistrate's judgment recited: "Due and timely notice of the nature of the action and the time and place of trial were given the defendant(s) as is shown in the record." This statement is conclusive and not subject to collateral attack if it is consistent with the record in the case. *Id.* at 69, 29 S.E. 2d at 28.

The evidence at trial tends to show that the return of service on the magistrate's summons no longer exists, having been destroyed pursuant to an order of the Administrative Office of the Courts. Other documents that may have been in the record at the time the magistrate's judgment was entered have been destroyed as well. The recital in the judgment *must* prevail unless there is some evidence *in the record* showing affirmatively that there was no legal service of process. *Id.* at 70, 29 S.E. 2d at 28. Since the record, or the lack thereof, does not affirmatively show lack of legal service, the judgment does withstand collateral attack. Extrinsic evidence not contained in the record of the small claims action that tends to show lack of service or defective service is not sufficient to rebut the conclusiveness of the face of the judgment under our well-settled law on the collateral attack issue.

A contrary doctrine would be fatal to judicial sales and the values of title derived under them, as no one would buy at or approximating the true value of property if he supposed that his title might at some distant date be declared void because of some irregularity in the proceeding altogether unsuspected by him and of which he had no opportunity to inform himself.

224 N.C. at 70, 29 S.E. 2d at 28. For these reasons, collateral attack upon the magistrate's judgment and the directed verdict in plaintiff's favor on that issue were error.

The magistrate's judgment remains valid and is subject only to a direct attack. It remains a final judgment rendered on the merits by a court of competent jurisdiction and is conclusive as to those issues raised therein with respect to parties and those in privity with them. The magistrate's judgment constitutes a bar to all subsequent actions involving the same issues and parties. *Kabatnick v. Westminster Co.*, 63 N.C. App. 708, 306 S.E. 2d 513 (1983). Since the magistrate's judgment empowered defendant Earl Cordell to sell plaintiff's automobile pursuant to G.S. 44A-4(e), the jury verdict for conversion and damages cannot stand.

## II

[2]   We note that the trial court's judgment in directing a verdict on the attorney fee claim states "[t]hat the defendant failed to substantially comply with the requirements of N.C.G.S. 44A [Statutory Lien on Motor Vehicles]."

G.S. 44A-4(g) states:

If the lienor fails to comply substantially with any of the provisions of this section, the lienor shall be liable to the person having legal title to the property or any other party injured by such noncompliance in the sum of one hundred dollars ($100.00), together with a reasonable attorney's fee as awarded by the Court. Damages provided by this section shall be in addition to actual damages to which any party is otherwise entitled.

Our examination of the record indicates that plaintiff in her complaint did not elect to proceed under G.S. 44A-1, et seq. as a

basis for recovery in this action for conversion. However, an admission by defendant, Earl Cordell, tended to show that G.S. 44A-4(e) and (f) were not substantially complied with in that there was improper notice of the judicial sale. Where no objection is made to evidence on the ground that it is outside the issues raised by the pleadings, the issue raised by the evidence is nevertheless before the trial court for determination. The pleadings are regarded as amended to conform to the proof even though the defaulting pleader made no formal motion to amend. Failure to make the amendment will not jeopardize a verdict or judgment based on competent evidence. If an amendment to conform the pleadings to the proof should have been made to support the judgment, the appellate court will presume it to have been made. *Mangum v. Surles*, 281 N.C. 91, 187 S.E. 2d 697 (1972). Therefore, the issue of whether the penalty and attorney fees provisions of G.S. 44A-4(g) are applicable in this case was properly before the trial court. See, *Caesar v. Kiser*, 387 F. Supp. 645 (1975). This was also properly an issue for directed verdict where the non-movant, Earl Cordell, established plaintiff's case on non-compliance with G.S. 44A-4(e) and (f) by admissions in a document before the trial court. *North Carolina Nat. Bank v. Burnette*, 297 N.C. 524, 256 S.E. 2d 388 (1979). As a result, that portion of the judgment on directed verdict finding that "[d]efendant failed to substantially comply with the requirements of N.C.G.S. 44A [Statutory Lien on Motor Vehicles]" remains valid. We note that defendants do not assign as error the trial court's finding on this issue.

### III

For the reasons herein stated, the verdict of the jury must be set aside and the judgments of the trial court reversed except so much of the judgment on directed verdict that finds that "[d]efendant failed to substantially comply with the requirements of N.C.G.S. 44A [Statutory Lien on Motor Vehicles]" which is affirmed.

This case is remanded to Superior Court, Haywood County, for award of the $100.00 penalty and attorney's fees pursuant to G.S. 44A-4(g).

Our determination of preceding issues makes it unnecessary to consider the remaining assignments of error.

Affirmed in part, reversed in part, and remanded.

Chief Judge VAUGHN and Judge BRASWELL concur.

Former Chief Judge VAUGHN concurred in the result reached in this case prior to 31 December 1984.

Judge BRASWELL concurred in the result reached in this case prior to 31 December 1984.