WILLIAM A. WOOTEN v. NATIONWIDE MUTUAL INSURANCE CO.

No. 828SC136

(Filed 4 January 1983)

Insurance § 67.3— accident insurance—foot injury—issues submitted to jury confusing

In an action in which plaintiff sought to recover under an insurance policy for disability and medical benefits arising from injuries sustained when he stepped barefooted from a boat, the trial judge erred in submitting to the jury questions which confused the material issues which were raised by the evidence. G.S. 1A-1, Rule 49.

APPEAL by plaintiff from *Bruce, Judge.* Judgment entered 31 August 1981 in Superior Court, WAYNE County. Heard in the Court of Appeals 7 December 1982.

This is a civil action in which plaintiff seeks to recover under an insurance policy for disability and medical benefits arising from injuries sustained when plaintiff stepped barefooted from a boat. Defendant answered admitting the policy of insurance, but denying that the boating accident, directly and independently of all other causes, entitled plaintiff to medical and disability benefits.

Plaintiff offered evidence tending to show that he was a volunteer in the Fremont Rescue Squad. On 29 March 1976, he was engaged in a "dragging" operation on the Neuse River when he stepped barefooted from the boat and lodged a stick in his left foot. The stick, which caused bleeding, was removed, and the bleeding was stopped. The foot swelled and became bothersome to the plaintiff who went to a doctor a day or two later. The doctor drained and dressed the wound and prescribed antibiotics. Through the summer of 1976, plaintiff was in pain because of the foot, and he continued taking antibiotics. In September 1976, plaintiff entered the hospital for treatment of the foot. In October he reentered the hospital for phlebitis of the left leg. Eventually, in March 1979 and October 1979, plaintiff had to have two toes on the foot removed. As a consequence of the infections, he was disabled and out of work for substantial periods of time. On cross-examination, plaintiff testified that he had been diagnosed as a diabetic in July 1966. In 1975, he had received medical advice concerning a callus on the left foot, and, prior to the accident on 29 March 1976, plaintiff had been on antibiotics to treat an opening in his left foot.

One expert in general surgery testified for plaintiff that, in his opinion, the injury caused by plaintiff's stepping on a sharp object could have or might have, solely and independently of all other means, caused the condition of chronic osteomyelitis in the plaintiff's left foot. The depositions of two experts in orthopedic surgery reflected the same opinion. For the defendant, another medical expert testified that plaintiff's diabetes contributed to the complications that the plaintiff had in his foot.

After the evidence, the following issues were submitted to and answered by the jury as indicated:

1. Did the plaintiff William A. Wooten suffer bodily injury caused solely by accident on 29 March, 1976?

ANSWER: Yes

2. Did the plaintiff William A. Wooten incur medical expense arising out of injury caused by the accident, directly and independently of all other causes, and not caused or contributed to by any kind of disease?

ANSWER: No

3. What amount is plaintiff William A. Wooten entitled to recover for medical expense?

ANSWER: _____

4. Was the plaintiff William A. Wooten wholly disabled by injury caused by the accident directly and independently of all other causes, and not caused or contributed to by any kind of disease?

ANSWER: No

5. What amount is plaintiff entitled to recover for disability?

ANSWER: _____

From judgment entered on the verdict, plaintiff appealed.

*David M. Rouse for the plaintiff-appellant.*

*Dees, Dees, Smith, Powell & Jarrett, by William W. Smith, for defendant-appellee.*

HEDRICK, Judge.

The "Volunteer Group Accident Insurance Policy" provides, among other things, that the insurer will pay disability and medical benefits to the insured when he sustains damage resulting from injury by accident "directly and independently of all other causes."

It is the duty of the trial judge to submit to the jury issues which are raised by the evidence, and which, when answered, will resolve all material controversies between the parties. G.S. § 1A-1, Rule 49. In the present case, the questions submitted to the jury confused the material issues which were raised by the evidence. Read alone, issue one and its affirmative answer appear to establish defendant's liability. Read with issues two and four and their negative responses, however, issue one with its affirmative answer is contradictory and meaningless.

The evidence raises an issue as to whether plaintiff was disabled and incurred medical expenses as a result of the 29 March 1976 accident, directly and independently of all other causes. If the jury should answer this issue "yes," it would be

necessary to answer the issues as to what amount plaintiff is entitled to recover for medical expenses and disability. The burden of proof on all three issues is on the plaintiff. *Horn v. Insurance Co.*, 265 N.C. 157, 143 S.E. 2d 70 (1965).

For error in framing the issues, plaintiff is entitled to a new trial.

New trial.

Judges WEBB and BECTON concur.