Wilkinson v. Weyerhaeuser Corp.

V

———————

PATTIE A. WILKINSON (JOHN A. WILKINSON, EXECUTOR OF THE ESTATE OF PATTIE WILKINSON), DECEASED v. WEYERHAEUSER CORPORATION; E. A. WILLIAMS AND WIFE, LUCY FARROW WILLIAMS; JUANITA C. GIBBS, DIVORCED, J. T. TAYLOR AND WIFE, DORA TAYLOR; ZACHARY TAYLOR; GRATZ SPENDER AND DICK TUNNELL

No. 832SC106

(Filed 6 March 1984)

Deeds § 25— Torrens proceeding—failure to certify issues for jury trial

In this Torrens proceeding, the trial court erred in refusing to certify for trial by jury the issues of fact arising from the title examiner's report upon proper demand by defendants.

Judge JOHNSON concurs in the result.

APPEAL by defendants from *Peel, Judge.* Judgment entered 28 October 1982. Heard in the Court of Appeals 10 January 1984.

Plaintiff brought this Torrens proceeding to register title to real property pursuant to Chapter 43 of the North Carolina General Statutes on 22 July 1977. On 12 April 1978, the matter was referred to William P. Mayo as Examiner of Titles. Mayo conducted a hearing on 30 May 1980 and filed a report on 29 June 1981. Defendants filed numerous exceptions to the report on 13 July 1981.

On 23 September 1982, the trial court considered the matter by examining the "entire file," including "the transcript of the hearing before the Examiner of Titles and the exhibits introduced into evidence at such hearing, together with the report of the Examiner of Titles." The court subsequently "affirmed" the report along with "each and every Finding of Fact and Conclusion of Law therein contained." In addition, the court found that plaintiffs held title to the land in question and found that there were no issues of fact arising from the title examiner's report which could be certified for trial. From the order of the trial court defendants appeal.

*Henderson and Baxter, by David S. Henderson and Nelson W. Taylor, III, for defendant-appellants.*

*Wilkinson and Vosburgh, by James R. Vosburgh and Steven P. Rader, for plaintiff-appellees.*

ARNOLD, Judge.

Defendants first contend that the trial court erred in not certifying for trial by jury issues of fact arising out of the title examiner's report. This contention is based on the language of G.S. 43-11(c), which provides in part:

Any of the parties to the proceeding may, within 20 days after such report is filed, file exceptions, either to the conclusions of law or fact. Whereupon the clerk shall transmit the record to the judge of the superior court for his determination thereof; such judge may on his own motion certify any issue of fact arising upon any such exceptions to the superior court of the county in which the proceeding is pending, for a

trial of such issue by jury, and *he shall so certify such issue of fact for trial by jury upon the demand of any party to the proceeding* . . . (emphasis added).

Defendants maintain that G.S. 43-11(c) *requires* the trial judge to certify the issues of fact for trial by jury upon the demand of any party. We agree and order this case remanded to superior court.

Although it has been in effect in North Carolina since 1913 the Torrens system for land registration is seldom used in this state and, consequently, is not often the subject of North Carolina case law.

"The general purpose of the Torrens system is to secure by a decree of court, or other similar proceedings, a title impregnable against attack; to make a permanent and complete record of the exact status of the title with the certificate of registration showing at a glance all liens, encumbrances, and claims against the title; and to protect the registered owner against all claims or demands not noted on the book for the registration of titles. The basic principle of this system is the registration of the official and conclusive evidence of the title of land, instead of registering, as the old system requires, the wholly private and inconclusive evidence of such title." *State v. Johnson,* 278 N.C. 126, 144, 179 S.E. 2d 371, 383 (1971) (citing McCall, *The Torrens System—After Thirty-Five Years,* 10 N.C. L. Rev. 329, 330 (1932). Moreover, the Torrens Act should be liberally construed according to its intent. *Perry v. Morgan,* 219 N.C. 377, 14 S.E. 2d 46 (1941).

Plaintiffs urge a narrow construction of G.S. 43-11(c), apparently contending that the language is permissive since it states that the judge *may* by his own motion certify issues of fact for a jury trial, and further, that if he does, by his own initiative, determine that there *are* issues of fact, then he must certify these issues for trial upon demand of a party. They contend that since the judge did not initially find any issues of fact, he was not required to certify any issues for trial, in spite of demand by defendants.

This interpretation of G.S. 43-11(c) fails to effectuate the purpose of the statute. The aim of the Torrens Act is to allow a complete, judicially enforced, determination of title. The proceeding,

therefore, should give great deference to a party who in good faith questions the validity of that title. By simply "affirming" the report of the title examiner without certifying for jury trial issues of fact raised by a party, the court precludes that party from having a jury consider his exceptions. The final effect is that the trial judge himself determines title, in spite of what may be substantial factual questions as to its validity. We believe that the court erred in refusing to certify for trial by jury the issues of fact arising out of the title examiner's report which were requested by defendants.

In the case at bar, defendants make at least two exceptions of some note to the chain of title purportedly shown by plaintiffs. One conveyance involves a will dated 1925 where Pink F. Credle is said to have devised the property in question to Alice L. Adams, wife of Esty Adams, Mollie L. Credle, Ottie L. Selby and John T. Credle as tenants in common. The next link in the chain is a deed from Esty Adams, et al. to Bernice Selby. This deed states that "Grantors are all of the heirs of Alice L. Adams, Mollie L. Credle, Ottie L. Selby and John T. Credle, deceased." Defendants complain that there was no evidence establishing that the grantors were indeed all of the heirs of those taking under the 1925 will.

A second problem area alleged by defendants involves the very next conveyance in plaintiffs' chain. A trustee's deed dated 1977 from George T. Davis, Trustee, and John A. Wilkinson, Assignor, deeds the property to Pattie A. Wilkinson. Defendants find fault in the fact that no evidence of foreclosure or any other proceeding authorizing a sale was introduced. These examples, of course, do not encompass all of defendants' objections to the proceedings below. They are representative, however, of their good faith objections to the finding of the title examiner that plaintiffs hold title to the property in question.

Defendants' exceptions to the title examiner's report were filed within the prescribed 20-day period. Included was their final exception, in which defendants stated that they demanded "trial by jury on all issues arising upon the pleadings and the exceptions filed herein pursuant to the provisions of G.S. 43-11(c) all in accordance with the provisions of said Statute." The clerk then transmitted the record to the trial judge for his determination.

After considering the record, the judge found that there were no issues of fact to certify for jury trial. Defendants then requested that the following issues be certified:

1. Is the petitioner, John A. Wilkinson, the exclusive owner and entitled to possession and to registration of said title pursuant to Chapter 43, General Statutes of North Carolina?

2. Are the defendants, J. T. Taylor and wife, Dora Taylor, or Zachary Taylor, or any of them, the owner and entitled to possession of the land described in the petition herein or any interest therein?

3. If the answer to issue number 2 above is "yes," what interest, if any, are the defendants, J. T. Taylor and wife, Dora Taylor, and Zachary Taylor, or any of them, entitled?

Plaintiffs contend that these issues submitted by defendants are not issues of fact, but are issues of law and, therefore, may not be submitted to a jury. We disagree. North Carolina case law provides that it is the duty of the trial judge to submit to the jury those issues "which are raised by the evidence, and which, when answered, will resolve all material controversies between the parties." *Wooten v. Nationwide Mutual Insurance Co.*, 60 N.C. App. 268, 298 S.E. 2d 727 (1983). We hold that the trial court erred in refusing to certify for trial those issues submitted by defendants and remand this case for trial in superior court.

Reversed and remanded.

Judge PHILLIPS concurs.

Judge JOHNSON concurs in result.