PATRICIA McLEAN DRUMMOND v. EARL CORDELL, D/B/A CORDELL'S BODY SHOP; AND MELODY M. CORDELL

No. 8430SC598

(Filed 5 March 1985)

**1. Judgments § 16— judgment proper on its face—no collateral attack**

    A small claims judgment authorizing defendant to sell plaintiff's automobile for storage costs pursuant to G.S. 44A-4 was proper on its face and thus could not be collaterally attacked, and plaintiff has no claim for conversion of the automobile.

**2. Mechanics' Liens § 2— sale of automobile for storage costs—non-compliance with statutes—jury question as to actual damages**

    The evidence was sufficient to be submitted to the jury on the issue of "actual damages" suffered by plaintiff as a result of defendant's failure to conduct a sale of plaintiff's automobile for storage costs in substantial compliance with G.S. 44A-4(e) where it tended to show that a magistrate's judgment provided that defendant could enforce his lien by public sale as provided in G.S. 44A-4(e); defendant failed to mail notice of the sale to plaintiff as required by G.S. 44A-4(e)(1)al and failed to post notice of the sale at the courthouse door as required by G.S. 44A-4(e)(1)b; and only defendant's wife and daughter attended the sale.

**3. Mechanics' Liens § 2— failure properly to conduct public sale—measure of damages**

The measure of plaintiff's actual damages for defendant's failure to conduct a public sale of plaintiff's automobile for storage costs in accordance with G.S. 44A-4(e) is the difference between the fair market value of the automobile at the time of sale and the amount for which the automobile was actually sold to defendant's daughter. The court will add to the verdict of actual damages the $100 penalty and reasonable attorney fees as provided in G.S. 44A-4(g).

Judge EAGLES dissenting.

APPEAL by defendant from *Downs, Judge*. Judgment entered 13 January 1984 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 24 October 1984. Heard on rehearing in the Court of Appeals 20 February 1985.

The facts of this case are set out in *Drummond v. Cordell*, 72 N.C. App. 262, 324 S.E. 2d 301 (1985). In apt time, plaintiff-appellee, Patricia McLean Drummond, filed a petition to rehear pursuant to Rule 31, Rules of Appellate Procedure. This court granted the petition to rehear.

*McLean and Dickson, by Russell L. McLean, III, and Robert L. Ward, for plaintiff appellee.*

*Roberts, Cogburn, McClure and Williams, by Max O. Cogburn and Issac N. Northup, Jr., for defendant appellant.*

HEDRICK, Chief Judge.

The opinion of this Court filed 15 January 1985 is hereby superseded by the following opinion.

[1] We hold the trial court erred in concluding that the small claims judgment was void. That judgment could not be collaterally attacked, and it is proper on its face. *Powell v. Turpin*, 224 N.C. 67, 29 S.E. 2d 26 (1944). Since the small claims judgment was proper, it authorized defendant-lienor to sell the automobile pursuant to G.S. 44A-4. Because the lienor had authority to sell the vehicle to collect storage charges, plaintiff has no claim for conversion, since conversion is "an *unauthorized* assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Gallimore v. Sink*, 27 N.C. App. 65, 67, 218 S.E. 2d 181, 183 (1975) (citations omitted) (emphasis

added). Furthermore, since the small claims judgment is for defendant Earl Cordell's storage bill, Mr. Cordell has no counterclaim in this action for storage.

[2] While we have held that the trial court erred in submitting the issues of conversion and defendant's counterclaim for storage costs to the jury, it does not follow that the trial court should have directed a verdict for the defendant in the present action. It is the duty of the trial judge to submit to the jury such issues as will resolve all factual issues raised by the evidence given in the case. *Wilkinson v. Weyerhaeuser Corp.*, 67 N.C. App. 154, 312 S.E. 2d 531, *disc. rev. denied*, 311 N.C. 310, 317 S.E. 2d 909 (1984). "The court should properly charge the jury on all theories of recovery supported by evidence." *Lail v. Woods*, 36 N.C. App. 590, 591, 244 S.E. 2d 500, 501, *disc. rev. denied*, 295 N.C. 550, 248 S.E. 2d 727 (1978). The evidence in the instant case tends to show that defendant, Mr. Cordell, sold the automobile under the authority of the small claims judgment, which provided that defendant could enforce his lien "by public sale as provided in N.C.G.S. 44A-4(e)." The evidence given in the case tends to show that defendant did not "cause notice to be mailed to the person having legal title to the property if reasonably ascertainable," as is required by G.S. 44A-4(e)(1)a1, and that defendant did not "advertise the sale by posting a copy of the notice of sale at the courthouse door in the county where the sale is to be held," as is required by G.S. 44A-4(e)(1)b. The evidence also tends to show that only defendant's wife and daughter attended the sale, and that only defendant's daughter, Melody Cordell, bid on the car.

G.S. 44A-4(g) provides:

If the lienor fails to comply substantially with any of the provisions of this section, the lienor shall be liable to the person having legal title to the property or any other party injured by such noncompliance in the sum of one hundred dollars ($100.00), together with a reasonable attorney's fee as awarded by the court. Damages provided by this section shall be in addition to actual damages to which any party is otherwise entitled.

We believe the evidence introduced at trial is sufficient to raise an inference that defendant Earl Cordell failed to substantially comply with the provisions of G.S. 44A-4(e) in conducting

Drummond v. Cordell

the sale. This is a factual issue which can be determined only by the jury. We thus hold the court erred in failing to submit this issue to the jury.

[3] If on remand the jury should find from the evidence and by the greater weight thereof that defendant failed to substantially comply with the provisions of G.S. 44A-4(e) in conducting the sale, the jury would then be required to determine what amount, if any, "actual damages" plaintiff suffered as a result of defendant's failure to conduct the sale according to G.S. 44A-4(e). The measure of plaintiff's actual damages would be the difference between the fair market value of the automobile at the time of the sale and the amount for which the car was actually sold to defendant Melody Cordell. Since there is no contention that Ms. Cordell was not a "purchaser for value without constructive notice of a defect in the sale," under G.S. 44A-6, the sale will stand and the purchaser, Ms. Cordell, is entitled to possession of and title to the automobile.

If the jury should answer the first issue affirmatively, the court will add to the verdict of actual damages, if any, the statutory penalty of one hundred dollars and reasonable attorney's fees.

We note that defendant must account for the money paid to him by his daughter as a result of the sale of the car in the manner set out in G.S. 44A-5.

The result is: the judgment of the superior court entered 13 January 1984 is vacated and the cause is remanded to that court for a new trial in accordance with this opinion.

Vacated and remanded.

Judge WEBB concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I dissent from that portion of the majority opinion that reverses the directed verdict for plaintiff on the issue of liability for substantial non-compliance with the provisions of G.S. Chapter

44A. Plaintiffs admitted non-compliance and no evidence to the contrary was offered. I concur in the remand for determination of damages, if any, arising from the failure to substantially comply.

Here, plaintiffs made a request for admissions, in pertinent part, as follows:

> That no notice of the sale of the motor vehicle, the subject of this lawsuit, by Cordell's Body Shop was posted at the courthouse in Buncombe County, North Carolina, as required by N.C.G.S. 44A.

Defendants answered as follows:

> Defendants admit that so far as they know, no notice of the sale of the motor vehicle, the subject of this lawsuit, by Cordell's Body Shop, was posted at the courthouse in Buncombe County, North Carolina.

The magistrate's judgment authorized the defendants' lien to be enforced by public sale as provided in G.S. 44A-4. G.S. 44A-4(e)(1) requires in pertinent part that "not less than 20 days prior to sale by a public sale, the lienor shall advertise the sale by posting a copy of the notice of sale at the courthouse door in the county where the sale is to be held." This requirement of notice to the public was not met. Where posting is required, as in G.S. 44A-4(e)(1), a failure to comply with the provisions of a statute requiring posting may constitute an irregularity warranting a setting aside of the sale, particularly where the sale brings an inadequate price. 47 Am. Jur. 2d, Judicial Sales, Section 85 (1969 Cum. Supp.). If a failure to comply with a statute requiring posting of notice of a public sale might warrant setting aside a sale, it is surely a failure to substantially comply with the statutory requirements for a judicial sale when the required notice is not posted. The term "public sale" has been said in effect to require notice to a sufficient number of people to insure competitive bidding and fairness of the sale. *Standley v. Knapp*, 113 Cal. App. 91, 298 P. 109 (1931). Here, the only persons to attend the sale were the lienor's wife and daughter. The daughter bought the 1979 Fiat for $1,000 in July of 1981. The plaintiff testified that she purchased the automobile new in July 1979 for $8,330.

Defendant Earl Cordell admits that he did not comply with G.S. 44A-4(e)(1) regarding notice to be posted at the courthouse

door. That admission necessarily includes that he did not comply with G.S. 44A-4(f) regarding the required contents of the notice of sale to be posted at the courthouse door.

For those reasons, non-compliance with the provisions for the enforcement of a statutory lien pursuant to G.S. 44A-1, et seq. was a proper subject for directed verdict. *N.C.N.B. v. Burnette*, 297 N.C. 524, 256 S.E. 2d 388 (1979).

I concur in other respects with the majority but would limit the matters considered on remand to a determination by the jury of the amount of damages, if any, arising from the defendants' substantial non-compliance with Chapter 44A.