AT&T FAMILY FEDERAL CREDIT UNION v. BEATY WRECKER SERVICE

[108 N.C. App. 611 (1993)]

———————

AT&T FAMILY FEDERAL CREDIT UNION, Plaintiff v. BEATY WRECKER SERVICE, INC., Defendant

No. 9127DC1096

(Filed 8 January 1993)

**Uniform Commercial Code § 47 (NCI3d) — security interest in automobile — sale after wreck — notice**

The trial court erred by granting summary judgment for plaintiff where Bonham purchased a vehicle with a loan from plaintiff and gave plaintiff a security interest in the vehicle; defendant towed the vehicle to its place of business after it was involved in an accident; defendant initiated procedures to enforce its lien for towing and storage costs; DMV was unable to secure delivery of notice on Bonham by certified mail and advised defendant of its right to petition the clerk of court for authorization to sell the vehicle; defendant obtained authorization and conducted an alleged public sale at which it purchased the vehicle; and plaintiff received a "Notice of Cancellation and Order to Surrender Certificate of Title," which it contends was the first notice it received concerning the sale. There was a genuine issue of fact as to whether the vehicle was sold pursuant to private or public sale and whether the relevant statutes were complied with.

**Am Jur 2d, Secured Transactions § 602.**

Appeal by defendant from order entered 17 September 1991 by Judge Timothy Lee Patti in Gaston County District Court. Heard in the Court of Appeals 19 November 1992.

On 5 April 1988 Debra P. Bonham purchased a 1988 Ford Escort using a loan from plaintiff, AT&T Family Federal Credit Union, and giving plaintiff a security interest in the vehicle. Plaintiff's security interest was noted on the Certificate of Title as a first lien on the vehicle. Plaintiff also carried "collateral protection insurance" as protection in the event Bonham neglected her personal insurance policy or the vehicle otherwise suffered physical damage. Subsequently, Bonham's automobile insurance terminated due to nonpayment of premiums.

On 20 February 1989, at the request of the Charlotte Police Department, defendant towed the vehicle to its place of business after it was involved in an accident. Thereafter, defendant initiated procedures to enforce its lien for towing and storage costs pursuant to N.C.G.S. § 44A-4. On or about 25 March 1989 defendant mailed a "Notice of Intent to Sell a Vehicle to Satisfy Storage and/or Mechanic's Lien" to the North Carolina Division of Motor Vehicles (DMV) pursuant to N.C.G.S. § 44A-4(b)(1). Unable to secure delivery of notice on Bonham by certified mail, DMV advised defendant of its right to petition the clerk of court for authorization to sell the vehicle. Defendant obtained authorization to sell the vehicle on 1 June 1989 and conducted an alleged public sale on 16 June 1989, at which time it purchased the vehicle for $386.00. Although it is unclear how many bidders were present at the sale, the second highest bid was $200.00, received from Don Gardner Body Shop.

Upon petition by defendant, the court directed DMV to transfer title to defendant. Plaintiff thereby received a "Notice of Cancellation and Order to Surrender Certificate of Title" to the vehicle on or about 23 August 1989, which it contends was the first notification received concerning sale of the vehicle. Prior to 12 January 1989, DMV automatically notified all lienholders of record whenever a garage asserted a mechanic's lien but had discontinued this policy at the time defendant asserted its lien. Plaintiff attempted to recover under its collateral protection policy but its carrier denied all coverage since the vehicle was unavailable for inspection.

Subsequently, plaintiff filed suit against defendant and Bonham, but took a voluntary dismissal against Bonham after it was unable to secure service on her. Plaintiff thereby alleges that defendant

failed to give the required notice of sale pursuant to N.C.G.S. § 44A-4 and that as a result, plaintiff suffered damages because it could not enforce its security interest in the vehicle. On 17 September 1991 the trial court granted plaintiff's motion for summary judgment and ordered defendant to pay $6,225.05 plus interest, and attorney fees in the amount of $750.00, from which defendant now appeals.

> *Whitesides, Robinson, Blue, Wilson and Smith, by David W. Smith, III and Terry Albright Kenny, for plaintiff appellee.*

> *Waggoner, Hamrick, Hasty, Monteith, Kratt and McDonnell, by H. M. Whitesides, Jr., for defendant appellant.*

WALKER, Judge.

Defendant brings forward two assignments of error for this Court to consider on appeal. It contends (1) the trial court erred in granting plaintiff's motion for summary judgment because a genuine issue of material fact existed and (2) the trial court erred in awarding damages, interest and attorney fees against defendant since there are issues of material fact as to damages which must be determined by a trier of fact.

N.C.G.S. § 44A-4 states with specificity the procedures which must be followed in order for a lienor such as defendant to enforce its lien on a motor vehicle by sale. Pursuant to this statute, the lienor must give notice within the requisite time period to the Division of Motor Vehicles (DMV) that a lien is asserted and that a sale is proposed. N.C.G.S. § 44A-4(b)(1). DMV shall then issue notice by registered or certified mail to the person having legal title to the property if reasonably attainable. *Id.* If DMV notifies lienor that this notice has been returned as undeliverable, lienor may institute a special proceeding by application to the clerk in the county where the vehicle is held for authorization to sell said vehicle. *Id.* However, lienor must still comply with the requisite statutory procedures for the purposes of conducting a public or private sale, including notice requirements. *In Re Ernie's Tire Sales & Service v. Riggs*, 106 N.C.App. 460, 417 S.E.2d 75 (1992).

In support of plaintiff's motion for summary judgment in the instant case, plaintiff's verified complaint alleges that defendant Beaty sold and purchased the vehicle in question at a private sale

pursuant to N.C.G.S. § 44A-4(c). Additionally, the affidavit of Bill Warren asserts that:

> 8. Plaintiff received no notice of the lien asserted by Beaty, of the amount of the lien, of the sale procedures initiated by Beaty, or any other information regarding the whereabouts or possession of the vehicle until it received a notice to surrender the title from the North Carolina Division of Motor Vehicles on or about August 23, 1989.

N.C.G.S. § 44A-4(c) mandates that where the property upon which the lien is claimed is to be sold at private sale, "the lienor shall cause notice to be mailed . . . to each secured party or other person claiming an interest in the property who is actually known to the lienor or can be reasonably ascertained." Thus, insofar as plaintiff's interest was noted on the Certificate of Title and easily ascertained, defendant's admission in its answer that it did not give notice of the sale to plaintiff would be dispositive of this issue should it be determined the sale was private.

Contrarily, defendant's answer and the affidavit of Shirley Jones state that the vehicle was sold to defendant at public sale, presumably under N.C.G.S. § 44A-4(e). Although N.C.G.S. § 44A-4(e)(1)a1 directs lienor to mail notice to a secured party, it provides that compliance with N.C.G.S. § 44A-4(e)(1)b, whereby a copy of the notice of sale is posted at the courthouse door in the county where the sale is to be held and is also published in a newspaper of general circulation in the county once a week for two consecutive weeks, may be sufficient for such notice requirement. Therefore, where the vehicle is sold at public sale, the fact that defendant did not cause notice to be served on plaintiff may be of no consequence. Our review of the record, however, fails to reveal any evidence that defendant complied with either of these notice requirements mandated by N.C.G.S. § 44A-4(e).

N.C.G.S. § 1A-1, Rule 56 provides that summary judgment is proper only when the pleadings, depositions, answers to interrogatories, admissions, and affidavits disclose no genuine issue of material fact, entitling the moving party to judgment as a matter of law. See *Town of West Jefferson v. Edwards*, 74 N.C.App. 377, 329 S.E.2d 407 (1985). Though there is no dispute as to defendant's compliance with N.C.G.S. § 44A-4(a)-(b), we find a genuine issue of material fact exists as to whether the vehicle was sold pursuant to private or public sale, and whether the relevant statutes were

complied with thereunder. Summary judgment was therefore improper.

On remand, the question of whether the vehicle was sold pursuant to public or private sale is to be determined by the trial court as a matter of law, and will dictate the relevant statutory notice provisions to which defendant should have complied. If the court concludes that defendant bought the vehicle at private sale, N.C.G.S. § 44A-4(c) mandates that "such a sale to the lienor shall be voidable." If, however, the court determines that defendant conducted a public sale, then it must show compliance with the provisions of N.C.G.S. § 44A-4(e) *et seq.* In this regard, N.C.G.S. § 44A-4(g) provides:

> If the lienor fails to comply substantially with any of the provisions of this section, the lienor shall be liable to the person having legal title to the property or any other party injured by such noncompliance in the sum of one hundred dollars ($100.00), together with a reasonable attorney's fee as awarded by the court. Damages provided by this section shall be in addition to actual damages to which any party is otherwise entitled.

Where there is sufficient evidence to raise an inference, this Court has indicated that a determination of whether defendant failed to substantially comply with the provisions of either N.C.G.S. § 44A-4(c) or N.C.G.S. § 44A-4(e) in conducting the sale is a factual issue reserved for the jury. *Drummond v. Cordell*, 73 N.C.App. 438, 326 S.E.2d 292, *superseding* 72 N.C.App. 262, 324 S.E.2d 301 (1985), *aff'd*, 315 N.C. 385, 337 S.E.2d 850 (1986).

REVERSED and REMANDED.

Judges COZORT and GREENE concur.