MIKE MEHOVIC v. KEN WILSON FORD, INC.

No. 9230SC1203

(Filed 1 February 1994)

Unfair Competition § 1 (NCI3d)— purchase of truck— representations—action in the nature of warranties— determination of unfair practices—remanded

An action arising from the sale of a truck which blew a piston 8 to 12 miles from defendant's business was remanded where plaintiff alleged in his complaint, presented evidence, and argued to the trial court that defendant's alleged representations were in the nature of warranties and the trial court's order and award of damages was premised entirely upon the court's determination that defendant's representations constituted unfair or deceptive acts or practices and did not determine if the representations were warranties which were breached. The order of the court did not resolve the material issues raised by the pleadings and the evidence.

Am Jur 2d, Fraud and Deceit §§ 6-9, 41-44, 105, 106, 109, 332, 333.

MEHOVIC v. KEN WILSON FORD

[113 N.C. App. 559 (1994)]

Appeal by plaintiff and defendant from order entered 8 July 1992 in Haywood County Superior Court by Judge C. Walter Allen. Heard in the Court of Appeals 21 October 1993.

*Law Offices of David Gantt, by David Gantt, for plaintiff-appellee/appellant.*

*Ball, Barden, Contrivo & Lewis, P.A., by Stephen L. Barden, III, for defendant-appellant.*

GREENE, Judge.

Ken Wilson Ford, Inc. (defendant) and Mike Mehovic (plaintiff) appeal from order entered 8 July 1992 after a non-jury trial, ordering defendant to pay plaintiff the total sum of $13,911.67 and plaintiff's attorney's fees.

The evidence reveals that on 19 March 1990, plaintiff purchased two trucks—a red 1980 Kenworth and a white 1981 Kenworth—from defendant for $12,500. Once plaintiff obtained possession of the two trucks, the 1980 truck blew a piston about eight to twelve miles from defendant's place of business. Plaintiff expended $1,487.24 on repairing the 1980 truck and within four months of the purchase expended $1,066.65 in repairs on the 1981 truck.

Plaintiff filed suit 17 January 1991, alleging that defendant had breached an express warranty, breached the implied warranty of merchantability, breached a warranty of fitness for a particular purpose, and engaged in unfair trade practices. Plaintiff presented evidence in regard to each of these claims and made arguments to the trial court in support of them.

The trial court made the following relevant findings of fact:

5. That [defendant] made the following representations to the Plaintiff prior to his purchase of the 1980 Kenworth and 1981 Kenworth truck:

(a) That both trucks had been recently serviced and inspected;

(b) That both trucks were in good condition and adequate for use in the long distance trucking business;

MEHOVIC v. KEN WILSON FORD

[113 N.C. App. 559 (1994)]

(c) That the Defendant guaranteed that both trucks would need no service repair or other costs for three to four months after purchase;

(d) That the smoke coming from the 1980 truck was the result of it not having been used and did not indicate any mechanical problems;

(e) That he would provide three new tires to the Plaintiff if the Plaintiff would purchase both the trucks.

. . . .

(7) [Defendant] told the Plaintiff if the trucks would not work three or four months without any problems, he would buy them back . . . .

The trial court then concluded that the "misrepresentations made by the Defendant were unfair and deceptive within the meaning of North Carolina General Statutes 75-1.1." The court then ordered defendant to pay plaintiff $7,661.67 which represented a trebling of the cost of repairing the vehicles, to pay plaintiff $6,250 upon return of the 1980 Kenworth truck, and to pay plaintiff's reasonable attorney's fees.

---

The dispositive issue is whether defendant's alleged representations were unfair or deceptive acts or practices within the meaning of N.C. Gen. Stat. § 75-1.1.

The plaintiff alleged in his complaint, presented evidence, and argued to the trial court that the representations allegedly made by defendant were in the nature of warranties. The trial court's order and award of damages is premised entirely upon the court's determination that defendant's representations constituted unfair or deceptive acts or practices. The trial court did not determine if these representations were warranties which were breached. If defendant's representations were in fact warranties, a breach of these warranties could constitute an unfair or deceptive act only if (1) the representations were false or concealed a material fact, (2) defendant, at the time the representations were made, knew them to be false or made them with reckless indifference as to their truth, (3) the representations were made with the intent to deceive, (4) did in fact deceive, and (5) damaged the plaintiff. *See Morris v. Bailey*, 86 N.C. App. 378, 383, 358 S.E.2d 120, 123

IN RE MOSES H. CONE MEMORIAL HOSPITAL

[113 N.C. App. 562 (1994)]

(1987); *Branch Bank and Trust Co. v. Thompson*, 107 N.C. App. 53, 62, 418 S.E.2d 694, 700, *disc. rev. denied*, 332 N.C. 482, 421 S.E.2d 350 (1992) (must show substantially aggravating circumstances attending breach of contract); *United Roasters, Inc. v. Colgate-Palmolive Co.*, 649 F.2d 985, 992 (4th Cir.) (must demonstrate deception in the formation or breach of the contract), *cert. denied*, 454 U.S. 1054, 70 L. Ed. 2d 590 (1981); *Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 568, 374 S.E.2d 385, 391 (1988) (discussing elements of false representation). Thus, the order of the trial court did not resolve the material issues raised by the pleadings and the evidence. *See Wooten v. Nationwide Mutual Ins. Co.*, 60 N.C. App. 268, 270, 298 S.E.2d 727, 728, *disc. rev. denied*, 308 N.C. 392, 302 S.E.2d 258 (1983).

Accordingly, we reverse and remand to the trial court for the resolution of all the material issues raised in the first trial and the entry of a new order.

Reversed and remanded.

Judges MARTIN and JOHN concur.