VASELENIUCK ENGINE DEVELOPMENT, LLC., Plaintiff v. SABERTOOTH
MOTORCYCLES, LLC., Defendant

SABERTOOTH MOTORCYCLES, LLC. v. VASELENIUCK ENGINE DEVELOPMENT,
LLC., and DAVID VASELENIUCK, Individually Defendants

No. COA11-870

(Filed 20 March 2012)

**1. Liens—mechanics' liens—violation—summary judgment improper**

The trial court improperly granted summary judgment in a case involving motorcycle engines on defendant's claim that plaintiff violated the enforcement by lien statute, N.C.G.S. § 44A-4. Although the evidence before the trial court was sufficient to raise an inference that plaintiff failed to substantially comply with N.C.G.S. § 44A-4, that was a factual issue which could have been determined only by the jury.

**2. Conversion—trespass to chattels—valid possessory lien—genuine issue of material fact**

The trial court erred in a case involving motorcycle engines by granting defendant's motion for partial summary judgment on claims of conversion and trespass to chattels. There was a genuine issue of material fact regarding whether plaintiff had a valid possessory lien over all the engines in its possession.

Appeal by Plaintiff from orders entered 8 November 2010 by Judge F. Lane Williamson and 4 April 2011 by Judge Richard D. Boner in Lincoln County Superior Court. Heard in the Court of Appeals 26 January 2012.

*Knox, Brotherton, Knox & Godfrey, by Allen C. Brotherton, for Plaintiff-Appellant.*

*Law Offices of J. Neal Rodgers, for Defendant-Third Party Plaintiff Appellee.*

BEASLEY, Judge.

Vaseleniuck Engine Development, LLC (Plaintiff) appeals from an 8 November 2010 order and a 4 April 2011 order, both of which grant partial summary judgment to Sabertooth Motorcycles, LLC (Defend-

ant). For the following reasons, we reverse both orders and remand this case for proceedings not inconsistent with this opinion.

On or about 14 September 2006, the parties entered into a contract for services, delivery, and setup of fifty engines for use in custom motorcycles. Defendant paid Plaintiff $87,914 at the time the engines were ordered and another $87,914 when the engines were delivered to Plaintiff's facility. Defendant also paid an additional $55,800.50 for parts upon delivery of the engines. In total, Defendant has paid Plaintiff $231,658.50. However, Defendant still owes Plaintiff a sum of $38,000. Defendant received 15 engines that Plaintiff completed work on, but the rest of the engines remained in Plaintiff's possession.

Plaintiff asserted a possessory lien on the remaining property by service of notice to Defendant under N.C. Gen. Stat. § 44A-1. Defendant responded, and requested a judicial hearing. In spite of this request, Plaintiff sold three of the engines at auction. On 13 January 2010, Plaintiff filed a complaint asserting Defendant was liable for breach of contract and unfair and deceptive trade practices, and claiming that it had the right to retain possession of the remaining 35 engines and other property under a valid claim of lien. On 23 April 2010, Defendant filed an answer and counterclaim asserting breach of contract, violation of lien statute N.C. Gen. Stat. § 44A-4, claim and delivery, conversion/trespass to chattels, and unfair and deceptive trade practices. Defendants also included an allegation of the personal liability of David Vaseleniuck for violation of N.C. Gen. Stat. § 57C-3-30 and an assertion of the right to attorney fees pursuant to N.C. Gen. Stat. § 75-16.1. On 23 August 2010, Defendant filed a motion for partial summary judgment as to its claim against Plaintiff for violation of N.C. Gen. Stat. § 44A-4 *et seq.* This motion was granted by order filed 8 November 2010 (2010 order).

On 23 February 2011, Defendant filed another motion for partial summary judgment, this time as to the claims of (i) conversion/trespass to chattels, (ii) claim and delivery, (iii) unfair and deceptive trade practice, and (iv) violation of N.C. Gen. Stat. § 57C-3-30. This motion was granted with regard to the conversion/trespass to chattels claim and denied for all other claims by order dated 4 April 2011 (2011 order). From these orders, Plaintiff now appeals.[1]

---

1. Plaintiff's brief was served on Defendant on 13 September 2011. Defendant did not file a brief until 20 February 2012, well past the 30 day period allowed in N.C. R. App. P. 13(a)(1) and even after the date that this case was heard. Thus, we did not consider Defendant's brief while deciding this case.

I.

First, we note that Plaintiff's brief raises several issues regarding its compliance with our rules of appellate procedure and the interlocutory nature of the 8 November 2010 and 4 April 2011 orders. These issues were resolved in this Court's denial of Defendant's motion to dismiss. As this Court has held that Plaintiff's appeal from these two orders is properly before us, we turn to address Plaintiff's substantive arguments.

II.

[1] Plaintiff contends that the trial court improperly entered the 2010 order granting summary judgment on Defendant's claim that Plaintiff violated N.C. Gen. Stat. § 44A-4. Specifically, the 2010 order adjudged Plaintiff liable under N.C. Gen. Stat. § 44A-4(g) (2011) which provides that if a lienor "fails to comply substantially with any of the provisions of this section, the lienor shall be liable to the person having legal title to the property[.]" Although the evidence before the trial court was sufficient to raise an inference that Plaintiff failed to substantially comply with N.C. Gen. Stat. § 44A-4 (2011), "[t]his is a factual issue which can be determined only by the jury" and thus "the court erred in failing to submit this issue to the jury." *Drummond v. Cordell*, 73 N.C. App. 438, 441, 326 S.E.2d 292, 293 (1985). Accordingly, we reverse the 2010 order.

III.

[2] Plaintiff next contends that the trial court erred in entering the 2011 order granting Defendant's motion for partial summary judgment on the claims of conversion and trespass to chattels. We agree.

N.C. Gen. Stat. § 44A-2(a) (2011) mandates that "[a]ny person who . . . alters, repairs, stores, services, treats, or improves personal property other than a motor vehicle or an aircraft in the ordinary course of his business pursuant to a[] . . . contract with an owner or legal possessor of the personal property has a lien upon the property." Because it is uncontroverted that Plaintiff has altered the condition of all the engines in its possession, and has not been paid in full for this work, Plaintiff is entitled to a possessory lien on each engine.

"A successful action for trespass to chattel requires the party bringing the action to demonstrate . . . that there was an *unauthorized, unlawful* interference or dispossession of the property[.]" *Fordham v. Eason*, 351 N.C. 151, 155, 521 S.E.2d 701, 704 (1999) (citations omitted and emphasis added). "The tort of conversion is well

**IN RE P.K.M.**

[219 N.C. App. 543 (2012)]

defined as an *unauthorized* assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the . . . exclusion of an owner's rights." *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956) (internal quotation marks and citation omitted) (emphasis added). To grant Defendant summary judgment on the claims of trespass to chattels or conversion, the trial court had to have found that Plaintiff's possession of the engines was unauthorized. Because we hold that Plaintiff has shown a genuine issue of material fact exists regarding whether it has a valid possessory lien over the all the engines in its possession, the trial court's order granting partial summary judgment to Defendant must be reversed.

Reversed and Remanded.

Judges STEPHENS and STROUD concur.